**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Autotel, a Nevada Corporation, | ) |
| Plaintiff, | )  No. 05-CV-328 TUC JMR |
| vs. | )  **ORDER** |
| Citizens Utilities Rural Company, Inc., et al., | ) |
| Defendants. | ) |

Plaintiff filed this action alleging violations of the Telecommunications Act of 1996, 47 U.S.C. § 251, et seq. ("the TCA"), and the Civil Rights Act, 42 U.S.C. §1983 ("section 1983). Plaintiff, a licensed Commercial Mobile Radio Service provider, is a "telecommunications carrier" and a "requesting carrier" under the TCA. Plaintiff's claims arise from its efforts to offer wireless telephone services in Arizona in competition with the Citizens Defendants.[1] The TCA requires incumbent local exchange carriers, such as Citizens Defendants, and new entrants into the market to enter into interconnection agreements regarding the sharing of existing networks. Under the TCA, Defendant Arizona Corporation Commission ("ACC") has jurisdiction to approve and enforce these interconnection agreements.

In May 2002, Plaintiff commenced negotiations to enter an interconnection

---

[1] Citizens Utilities Rural Company, Inc., Citizens Telecommunications Company of the White Mountains, and Navajo Communications Company, Inc.

agreement with Citizens Defendants pursuant to the TCA.  Negotiations did not resolve all issues between the parties and, on March 27, 2003, Plaintiff filed a petition for arbitration with Defendant ACC pursuant to section 252(b) of the TCA.  In response, the Citizens Defendants asked the ACC to impose the Citizens generic interconnection agreement and to dismiss the petition.  The matter went to hearing on June 7, 2004, before the Commission Administrative Law Judge Jane Rodda.  On October 5, 2004, the Defendant ACC issued its opinion resolving the disputes and requiring Plaintiff and Citizen Defendants to prepare and sign an interconnection agreement incorporating the terms of the Commission's resolution as discussed in the opinion.  The signed interconnection agreement was to be submitted to the Commission for its review within thirty days of the date of the opinion.

Citizen Defendants prepared the interconnection agreement incorporating the terms and conditions form the Commissions opinion and forwarded the agreement to Plaintiff but Plaintiff refused to execute the agreement.  On January 31, 2005, Citizen Defendants notified the Commission that Plaintiff had declined to execute the agreement and submitted the agreement executed by them but not by Plaintiff.

Plaintiff did not request that the Commission take any further action and instead filed this lawsuit on May 5, 2005.   Plaintiff alleges that: (1) Defendant ACC violated the authority delegated to it under sections 251 and 252 of the TCA (first cause of action); (2) the Citizens Defendants failed to negotiate an interconnection agreement in good faith as required by sections 251(c) and 252 of the TCA (second cause of action); and (3)

Defendant ACC and Defendant Commissioners violated Plaintiff's constitutional right to due process and equal protection (third and fourth cause of action). Plaintiff's third and fourth causes of action are filed pursuant to section 1983.

Defendants seek dismissal of Plaintiff's Complaint pursuant to F.R.C.P. Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants claim that the Court lacks jurisdiction because (1) Plaintiff failed to raise before the ACC its claim that the Citizens Defendants failed to negotiate in good faith, and (2) the ACC has not issued a final determination regarding the interconnection agreement because no agreement has been submitted for approval.[2]

This matter was referred to Magistrate Judge Hector C. Estrada. On September 26, 2006, the Magistrate Judge filed a Report and Recommendation recommending that this Court grant Defendants' motion to dismiss Plaintiff's second cause of action for lack of subject matter jurisdiction, grant Defendant ACC and Defendant Commissioners' motion to dismiss, and dismiss the remainder of Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff has filed objections to the report and recommendation. For the reasons stated below, the R&R is adopted in its entirety.

**Legal Standard**

A district court shall conduct a de novo review of those parts of an R&R to which

---

[2] Defendants also make alternative arguments for dismissal which will not be addressed as the Court grants dismissal of the entire suit for lack of subject matter jurisdiction.

objections are filed.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  The district court may either accept, reject, or amend all or any portion of the R&R.  *Id*.  If the parties do not object to the magistrate judge's R&R or portions thereof, the Court will not modify or set aside those portions unless they are clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## TCA Statutory Scheme

The TCA is "designed to foster competition in local telephone markets" imposing "various obligations on incumbent local-exchange carriers, including a duty to share their networks with competitors."  *Verizon Maryland Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 638 (2002).  When a new entrant seeks access to a market, the incumbent local exchange carrier must provide interconnection with the incumbent's existing network and the carriers must establish reciprocal compensation arrangements for transporting and terminating the calls placed by each others' customers.  *See* 47 U.S.C. § 251.  The parties are required to engage in good faith negotiations.  *Id.*  If negotiation fails, the parties are to submit a petition for arbitration with the state commission.  47 U.S.C. § 252(b)(1).  All agreements must be submitted to the state commission for approval.  47 U.S.C. § 252(e)(1).

If the state commission fails to perform its duties under the statute, the Federal Communications Commission shall preempt the state agency's jurisdiction and assume its responsibilities.  47 U.S.C. § 252(e)(5).  Section 252(e)(6) provides for federal district

court review of whether the approved interconnection agreement "meets the requirements of section 251."  47 U.S.C. § 252(e)(6).

## Plaintiff's Objections

### 1. Jurisdiction under 28 U.S.C. § 1331

In the R&R, the Magistrate Judge determined that the Court lacks subject matter jurisdiction over Plaintiff's first and second cause of action under 28 U.S.C. 1331 because Plaintiff failed to submit an interconnection agreement to Defendant ACC for approval and failed to raise the issue regarding good faith negotiations with the state commission. Plaintiff objects, arguing that federal court jurisdiction is allowed under 28 U.S.C. 1331 over violations of the TCA *before* an interconnection agreement has been entered into.

#### a) Jurisdiction pursuant to 28 U.S.C. 1331, generally

The Court may exercise jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  However, because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal court jurisdiction is "not to be expanded by judicial decree."  *Id.*  The party asserting jurisdiction bears the burden of establishing that federal jurisdiction exists.  *Id.*  The district court is prohibited from exercising subject matter jurisdiction when it is determined that Congress intended to preclude review. *Thunder Basin Coal, Co. v. Reich*, 510 U.S. 200, 207 (1994).

In cases that involve delayed judicial review of agency actions, such as here, the court "shall find that Congress has allocated initial review to an administrative body where such intent is 'fairly discernible in the statutory scheme.'" *Id.* at 207.  To determine whether a statute precludes initial judicial review, the court is required to look at the statute's language, structure, and purpose, its legislative history, and whether the claims can be afforded meaningful review. *Id.*  An act's "comprehensive enforcement structure, combined with the legislative history's clear concern with channeling and streamlining the enforcement process establishes a fairly discernible intent to preclude" initial judicial review.  *Id.* at 216.

Here, the Magistrate Judge determined that the TCA's administrate structure[3] was intended to preclude district court jurisdiction until a final interconnection agreement has been submitted to and ruled on by a state commission in accordance with the section 252 of the Act.  In making its determination, the Magistrate Judge considered the language of

---

[3]  (1) Any interconnection agreement adopted by negotiation or arbitration shall be submitted for approval to the State commission.  A State commission to which an agreement is submitted shall approve or reject the agreement, with written findings as to any deficiencies.
\*\*\*
(6) ...In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. §§ 252(e)(1) & (6).

the TCA,[4] other courts' decisions in regard to the meaning of the TCA[5] (as there is nothing on point in the Ninth Circuit), the structure of the TCA,[6] and the legislative history of the TCA.[7]  The Magistrate Judge concluded that the TCA's structure and purpose would be thwarted if judicial review commenced before the completion of the state commissions proceeding and that the issues that may arise during the process, fall within the expertise of the state commission.[8]

This Court agrees.  Congress clearly intended that jurisdiction not vest with the district court until after an interconnection agreement has been submitted and the state commission has rendered a determination regarding the agreement.

### b) Impact on jurisdiction by *Verizon Maryland*

Plaintiff argues that the case law relied upon by the Magistrate Judge has been

---

[4]Th TCA expressly limits federal court review to consideration of whether the interconnection agreement complies with section 251.  47 U.S.C. § 252(e)(6).

[5]Courts considering the issue are in agreement that the state commission "determination" referenced in section 252(e)(6) means the decision of a state commission approving or rejecting a final, executed interconnection agreement.  *See* R&R at 9-10.

[6]The structure of the TCA compels the conclusion that federal court review is only afforded after a final interconnection agreement is entered.  *See* 47 U.S.C. §§ 252(e)(1) & (6).

[7]The legislative history indicates that Congress intended to open up local exchange markets to competition without undue delay.  *See*, *e.g.,* H.R.Conf.Rep.No. 104-458 at 113 (1996) reprinted in 1996 U.S.C.C.A.N. 10, 124.

[8]The TCA gives the state commission responsibility to determine if an agreement adopted by negotiation discriminates against a carrier not a party or is not consistent with "the public interest, convenience, and necessity" and if an agreement adopted by arbitration is in compliance with section 251.  47 U.S.C. § 252(e)(2).

overruled by the Supreme Court's ruling in *Verizon Maryland,* rendering the Magistrate Judge's opinion inaccurate..  However *Verizon Maryland*, is clearly distinguishable from this case.

In *Verizon Maryland*,  the Court held that the district court had jurisdiction under section 1331 to review a state commission's determination interpreting and enforcing an interconnection agreement that the state commission had *previously approved.   Verizon Maryland,* 535 U.S. 635.  The Court did not address whether the district court would have jurisdiction over claims arising during the negotiation process for interconnection agreements that were not first presented to the state commission.  *See, e.g, Global-Naps*, *Inc. v. Bell Atlantic-New Jersey, Inc*., 287 F.Supp.2d 532 (2003) (decided after *Verizon* and holding that claims arising during the negotiation process of the interconnection agreement must first be presented to the state commission before federal court action can be filed).  The Court also did not address whether the district court would have jurisdiction where no binding interconnection agreement had been submitted for the commission's approval in the first place.

The *Verizon Maryland* Court stated that "the district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" 535 U.S. at 642-43 (*citing Steel Co. v. Citizens for Better*

*Environment*, 523 U.S. 83, 89 (1998)). The *Verizon Maryland* Court noted that this general rule holds true *unless* there is evidence of Congressional intent to preclude judicial review under section 1331. *Id*. at 642-644.

The reasoning in *Verizon Maryland* turned on the fact that the state commission had taken action pursuant to an underlying agreement. There is no underlying agreement in the case at bar. Also, unlike *Verizon Maryland*, there is evidence in this case of congressional intent to preclude judicial review under section 1331, as discussed previously. Accordingly, *Verizon Maryland* does not support the proposition that jurisdiction exists pursuant to 28 U.S.C. § 1331 where no final interconnection agreement has been approved or rejected.

## 2. Jurisdiction pursuant to sections 206 and 207 of the 1934 Communications Act

Plaintiff claims that the Court has jurisdiction over Defendant's alleged failure to negotiate in good faith, under sections 206 and 207 of the 1934 Communications Act. Plaintiff relies on two cases for this assertion, *AirTouch Paging of Calif. v. PacBell*, 1999 WL 33732597 (N.D. Cal. 1999) and *Law Offices of Trinko v. Bell Atlantic*, 123 F.Supp. 2d. 738 (S.D.N.Y. 2000), *vacated in part on other grounds*, 305 F.3d 89 (2d Cir. 2002), *rev'd and remanded on other grounds, Verizon Communications Inc., v. Law Offices of Curtis v. Trinko*, 540 U.S. 398 (2004).[9] In both of these cases, the courts upheld federal jurisdiction under sections 206 and 207 of the TCA. However, "it is apparent that in both

---

[9] Plaintiff acknowledges there is no case law on point in the Ninth Circuit.

cases the courts were influenced by the fact that the plaintiffs' actions and/or claims did not implicate section 252's statutory scheme regarding interconnection agreements. *Global-Naps*, 287 F.Supp.2d at 543.[10]

The Magistrate Judge found that the sections 206 and 207 do not confer district courts with jurisdiction over Plaintiff's claims. In making this determination, the Magistrate Judge noted that other courts have found that sections 206[11] and 207[12] of the TCA were enacted to provide a cause of action for consumers who were injured by errors in telegraphs and similar acts and omissions and that these sections have been invoked successfully by parties who were not subject to the negotiation and approval process set out at in sections 251 and 252 of the TCA.

Further, the duty to negotiate in good faith is imposed by the same statutory scheme that vests the state commission with authority over the negotiation, arbitration and

---

[10] Plaintiff also appears to argue that, under the reasoning of *Verizon Maryland*, this Court has jurisdiction over Plaintiff's good faith claim as well. As discussed above, *Verizon Maryland* does not grant district court jurisdiction over violations of the TCA where no final interconnection agreement has been approved or rejected.

[11] In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case. 47 U.S.C. § 206.

[12] Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages fro which such common carrier may be liable under the provisions of this chapter, in any district of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies. 47 U.S.C. § 207.

approval of the interconnection agreements. *Global-Naps*, 287 F.Supp.2d at 544. Nothing in the TCA evidences Congress' intent to create an exception from section 252(e)(6) for a violation of the duty to negotiate in good faith. It is clear that Congress intended that such disputes be addressed by state commissions in the first instance. Permitting Plaintiff to file a federal court action alleging violations of the TCA pursuant to sections 206 and 207 would jeopardize section 252's system of review and statutory scheme intended to make state commissions the initial decisionmakers regarding interconnection agreements.

Accordingly, sections 206 and 207 do not confer jurisdiction over Plaintiff's claims.

### 3. Exhaustion of administrative remedies

The Magistrate Judge determined that Plaintiff is required to exhaust administrative remedies under the TCA before bringing suit in federal court. Plaintiff argues that requiring it to take further administrative action would result in a request for a rehearing and such exhaustion is not required under the TCA.

The TCA specifically requires that any interconnection agreement that is adopted by arbitration be submitted to the state commission for approval. 47 U.S.C. § 252(e)(1). Plaintiff did not enter into such an agreement, and Plaintiff failed to argue before the ACC that the Citizens Defendants allegedly violated their duty to negotiate in good faith. Review of Plaintiff's claim may impact the arbitration and approval processes and may involve the examination of the terms of the proposed interconnection agreement. These

matters are committed to the state commission in the first instance by the TCA.

Plaintiff relies on *AT&T Communications Sys. v. Pacific Bell*, 203 F.3d 1183 (9th Cir. 2000) for its premise that no further action is required.[13]  However, *AT&T* dealt with the interaction of a state exhaustion statute and the TCA, *after* the parties submitted an arbitrated agreement to the state commission.  *AT&T Communications Sys. v. Pacific Bell*, 203 F.3d 1183.  Here, Plaintiff has not submitted an agreement to the state commission and a state exhaustion statute is not at issue.

Because no executed interconnection agreement has been submitted for the state commission's approval and Plaintiff failed to raise the issue regarding good faith negotiations with the state commission, district court jurisdiction pursuant to section 252(e)(6) is lacking.  *See Global-Naps*, 287 F.Supp.2d at 540 ( plaintiff must first present issue regarding good faith negotiations to the state commission; a federal court has subject matter jurisdiction once the state commission makes a determination).

**4.  1983 claims**

The Magistrate Judge found that section 252 of the TCA precludes a section 1983 action and, therefore, Plaintiff's third and fourth causes of action should be dismissed. Plaintiff claims that its injuries are not precluded by the TCA.

Section 1983 imposes liability on anyone who, under the color of state law,

---

[13] Plaintiff also appears to argue that, under the reasoning of *Verizon Maryland*, exhaustion is not required before invoking federal court jurisdiction under 28 U.S.C. 1331.  As discussed above, *Verizon Maryland* does not grant district court jurisdiction over violations of the TCA where no final interconnection agreement has been approved or rejected.

deprives a person " of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff may avail itself of the remedy provided under section 1983 only if Congress has not foreclosed private enforcement of such rights, either expressly in the statute itself "or impliedly, by creating a comprehensive enforcement scheme that is incompatible with the individual enforcement under section 1983." *Blessing v. Freestone,* 520 U.S. 329, 341 (1997).

The Supreme Court has noted that "in *all* of the cases in which we have held that section 1983 is available for violation of a federal statute, we have emphasized that the statute at issue...*did not* provide a private judicial remedy (or, in most cases, even a private administrative remedy) for the rights violated." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 121 (2005) (emphasis in original). However, "[t]he ordinary inference that the remedy provided in the statute is exclusive can surely be overcome by textual indication, express or implicit, that the remedy is to complement, rather than supplant section 1983." *Id*. at 122.

There is no case law directly on point. However, the Supreme Court has held that section 1983 may not be used to enforce 47 U.S.C. § 332(c)(7)(B)(v),[14] a section of the TCA which is similar to section 252. *Abrams*, 544 U.S. 113. The *Abrams* court found that Section 332 provided a comprehensive remedial scheme, did not add remedies to

---

[14]Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." section 332(c)(7)(B)(v).

those available under 1983, and limited relief in ways that section 1983 did not. *Id.*[15] Accordingly, the *Abrams* court found nothing in section 332 to rebut the inference that a section 1983 action was precluded.

Plaintiff claims that two factors the Supreme Court relied on in *Abrams*, the requirement of going to court within 30 days and the lack of a provision for attorney fees or damages, are missing from sections 251 and 252, and, therefore, this Court should not rely on *Abrams* in its analysis.[16] However, in *Abrams*, the Supreme Court made it clear it was basing its decision on congressional intent gleaned from the statutory scheme and that it had found section 1983 unavailable in other entirely unrelated cases on the same principle, i.e., the existence of more restrictive remedies provided in the violated statute itself than in section 1983. *Abrams*, 544 U.S. at 120 ("The crucial consideration is what Congress intended.")

Like Section 332(c)(7), sections 251 and 252 provide a comprehensive remedial scheme which is more restrictive than section 1983. The TCA requires that the parties first participate in an administrative process consisting of negotiation, arbitration, and final agency approval before final suit. The court may then only consider whether the

---

[15] Specifically, (1) Section 332 required that actions be commenced within 30 days of final government action and the court to decide the matter on an expedited basis, 2) remedies under Section 332 for compensatory damages may be different from those available under section 1983; and 3) Section 332 did not include attorney's fees and costs. Id.

[16] Plaintiff also appears to argue that, under the reasoning of *Verizon Maryland*, judicial review is not precluded under 28 U.S.C. 1331. As discussed above, *Verizon Maryland* does not grant district court jurisdiction over violations of the TCA where no final interconnection agreement has been approved or rejected.

interconnection agreement satisfies the TCA.  The court's scope of review is confined to the administrative record, and it must afford the proper deference to the administrative decision.  *See, e.g., U.S. West Communications, Inc. v. Jennings,* 304 F.3d 950, 958 (9th Cir. 2002); *Pacific Bell v. PacWest Telecomm, Inc.*, 325 F.3d 1114, (9th Cir. 2003); *MCI Telecommunications, Corp., v. GTE Northwest, Inc.*, 41 F.Supp.2d 1157, 1161 (D.Or. 1999).

Allowing Plaintiff to circumvent the administrative remedies provided for in the TCA would be inconsistent with Congress' "carefully tailored scheme."  *Smith v. Robinson*, 468 U.S. 992, 1011-1012 (1984), *superseded by statute on other grounds* (finding section 1983 unavailable where the section 1983 action would "render superfluous most of the detailed procedural protections outlined in the statute."); *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981)("[W]hen a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under section 1983") (*quoting Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 673, n.2 (1979) (dissenting opinion).

Accordingly, in this matter, section 252 of the TCA precludes a section 1983 action.

## Conclusion

This Court lacks subject matter jurisdiction over Plaintiff's first and second cause of action under 28 U.S.C. 1331 because Plaintiff failed to submit an interconnection agreement to Defendant ACC for approval and failed to raise the issue regarding good faith negotiations with the state commission.  Further, Sections 206 and 207 do not confer jurisdiction over Plaintiff's claims.  Plaintiff is required to its exhaust administrative remedies under the TCA before bringing suit in federal court. Accordingly, Plaintiff's first and second causes of action are dismissed.  Finally, section 252 of the TCA precludes a section 1983 action and, therefore, Plaintiff's third and fourth causes of action are dismissed.  Plaintiff's objections are overruled.

The portions of the Magistrate Judge's recommendations to which the parties did not object are not clearly erroneous or contrary to law.  Having overruled all objections, the Court adopts the R&R in its entirety.

For the foregoing reasons,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation filed September 26, 2006, is **ADOPTED.**

 **IT IS FURTHER ORDERED** that Defendants' motions for dismissal [Doc. #23 and #24] are **GRANTED**.  The Clerk of Court is directed to **CLOSE** this case.

DATED this 8th day of March, 2007.

_____
John M. Roll
Chief United States District Judge